IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION



| | | |
|---|---|---|
| JEFFREY K. PAYNE, | § | |
| | § | |
| Petitioner, | § | |
| | § | |
| v. | § | No. 4:10-CV-307-A |
| | § | |
| RICK THALER, Director, | § | |
| Texas Department of Criminal | § | |
| Justice, Correctional | § | |
| Institutions Division, | § | |
| | § | |
| Respondent. | § | |

## MEMORANDUM OPINION
### and
### ORDER

This is a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 filed by petitioner, Jeffrey K. Payne, a state prisoner currently incarcerated in Cuero, Texas, against Rick Thaler, Director of the Texas Department of Criminal Justice, Correctional Institutions Division, respondent. After having considered the pleadings, state court records, and relief sought by petitioner, the court has concluded that the petition should be denied.

### I. Factual and Procedural History

Petitioner waived a jury and entered an open plea of guilty in the Criminal District Court Number Two of Tarrant County, Texas, to possession of methamphetamine of four or more but less than two

hundred grams with the intent to deliver, enhanced by a prior drug related conviction, and the trial court assessed his punishment at thirty years' confinement. (State Habeas R. at 37-44) Petitioner appealed, but the Second District Court of Appeals of Texas affirmed the trial court's judgment. Petitioner did not file a petition for discretionary review in the Texas Court of Criminal Appeals, but raised one or more of his claims in a state habeas application, which was denied without written order. *Payne v. State*, No. 2-08-222-CR, slip op. (Tex. App.-Fort Worth July 2, 2009) (not designated for publication); *Ex parte Payne*, State Habeas Appl. No. WR-72,716-01, at cover.

## II. Issues

Petitioner raises the following grounds for habeas relief:

(1) His conviction was obtained by the use of evidence obtained from an unlawful arrest.

(2) His conviction was obtained by the use of a coerced confession induced by promises.

(3) He received ineffective assistance of trial counsel.

(4) His guilty plea was unlawfully induced without the understanding of the consequences of the plea. (Pet. at 7-8)

## III. Rule 5 Statement

Respondent believes that one or more of petitioner's grounds

are unexhausted as required by 28 U.S.C. § 2254(b) and procedurally barred from the court's review. (Resp't Answer at 6-10)

## IV. Exhaustion

Applicants seeking habeas corpus relief under § 2254 are required to exhaust all claims in state court before requesting federal collateral relief. 28 U.S.C. § 2254(b)(1); *Fisher v. Texas*, 169 F.3d 295, 302 (5th Cir. 1999). The exhaustion requirement is satisfied when the substance of the federal habeas claim has been fairly presented to the highest court of the state. *O'Sullivan v. Boerckel*, 526 U.S. 838, 842-48 (1999); *Fisher*, 169 F.3d at 302; *Carter v. Estelle*, 677 F.2d 427, 443 (5th Cir. 1982). The exhaustion requirement is not satisfied where a petitioner presents new legal theories or factual claims in his federal habeas petition. *Neville v. Dretke*, 423 F.3d 474, 478 (5th Cir. 2005).

In Texas, the highest state court for criminal matters is the Texas Court of Criminal Appeals. *Richardson v. Procunier*, 762 F.2d 429, 431-32 (5th Cir. 1985). Thus, a Texas prisoner may satisfy the exhaustion requirement by presenting both the factual and legal substance of a claim to the Texas Court of Criminal Appeals in either a petition for discretionary review or a state habeas corpus proceeding pursuant to article 11.07 of the Texas Code of Criminal Procedure in a procedurally proper manner. *See* TEX. CODE CRIM. PROC.

ANN. art. 11.07 (Vernon Supp. 2009); *Depuy v. Butler*, 837 F.2d 699, 702 (5th Cir. 1988). Petitioner did not file a petition for discretionary review, thus it was necessary that he raise the claims presented herein in his state habeas application. In that application, petitioner did not raise grounds (1) and (2), enumerated above; thus those claims are unexhausted. (State Habeas R. at 7-15)

Under the Texas abuse-of-the-writ doctrine, petitioner cannot now return to state court for purposes of exhausting the claims. TEX. CODE CRIM. PROC. ANN. art. 11.07, § 4. The abuse-of-the-writ doctrine represents an adequate state procedural bar to federal habeas review. *See Nobles v. Johnson*, 127 F.3d 409, 423 (5th Cir. 1997). Therefore, absent a showing of cause and prejudice or a miscarriage of justice, such showing not having been demonstrated, petitioner's grounds (1) and (2) raised in this petition are procedurally barred from the court's review. *See Smith v. Johnson*, 216 F.3d 521, 523-24 (5th Cir. 2000).

### V. Discussion

*Legal Standard and for Granting Habeas Corpus Relief*

Under 28 U.S.C. § 2254(d), a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a state court shall not be granted with respect to any claim that was adjudicated

on the merits in state court proceedings unless he shows that the prior adjudication: (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established federal law, or (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the state court. 28 U.S.C. § 2254(d). A decision is contrary to clearly established federal law if the state court arrives at a conclusion opposite to that reached by the Supreme Court of the United States on a question of law or if the state court decides a case differently than the Supreme Court has on a set of materially indistinguishable facts. *Williams v. Taylor*, 529 U.S. 362, 405-06 (2000); *see also Hill v. Johnson*, 210 F.3d 481, 485 (5th Cir. 2000). A state court decision will be an unreasonable application of clearly established federal law if it correctly identifies the applicable rule but applies it unreasonably to the facts of the case. *Williams*, 529 U.S. at 407-08.

The statute further requires that federal courts give great deference to a state court's factual findings. *Hill*, 210 F.3d at 485. Section 2254(e)(1) provides that a determination of a factual issue made by a state court shall be presumed to be correct. This presumption of correctness extends to explicit and implicit findings of fact which are necessary to the state court's

5

conclusions. (Pet'r Resp. at 5) *Valdez v. Cockrell*, 274 F.3d 941, 948 n.11 (5th Cir. 2001). The applicant has the burden of rebutting the presumption of correctness by clear and convincing evidence. 28 U.S.C. § 2254(e)(1). Typically, when the Texas Court of Criminal Appeals denies relief in a state habeas corpus application without written order, as here, it is an adjudication on the merits, which is entitled to this presumption. *Singleton v. Johnson*, 178 F.3d 381, 384 (5th Cir. 1999); *Ex parte Torres*, 943 S.W.2d 469, 472 (Tex. Crim. App. 1997.)

### *Guilty Plea*

A guilty plea must be a voluntary, knowing, and intelligent act done with sufficient awareness of the relevant circumstances and likely consequences surrounding the plea. *Brady v. United States*, 397 U.S. 742, 748 (1970). Thus, before a trial court may accept a guilty plea, the court must ensure that the defendant is advised of the consequences of his plea and the various constitutional rights that he is waiving by entering such a plea. *Boykin v. Alabama*, 395 U.S. 238, 243 (1969). If a challenged guilty plea is knowing, voluntary, and intelligent, it will be upheld on federal habeas review. *James v. Cain*, 56 F.3d 662, 666 (5th Cir. 1995). Further, a guilty plea intelligently, knowingly, and voluntarily made generally waives all claims relating to events

preceding the guilty plea, including constitutional ones, in a subsequent habeas proceeding. *Smith v. McCotter*, 786 F.2d 697, 702 (5th Cir. 1986). Although a defendant's attestation of voluntariness at the time of the plea is not an absolute bar to later contrary contentions, it places a heavy burden upon him. *United States v. Diaz*, 733 F.2d 371, 373-74 (5th Cir. 1979). A defendant's solemn declarations in open court are presumed true, and a defendant generally may not recant sworn testimony made at a plea proceeding. *United States v. Fuller*, 769 F.2d 1095, 1099 (5th Cir. 1985)

### *Wavier*

Because petitioner's plea was knowingly and voluntarily made, his remaining grounds-that his plea was rendered involuntary by the state's failure to timely notify him of its revised witness list before trial (ground three) and because his written statement to law enforcement was made under duress (ground four)-matters preceding his guilty plea, are waived. Nothing in the record suggests that petitioner's guilty plea was other than voluntarily, intelligently, and knowingly entered. Petitioner entered his guilty plea in open court and was advised by counsel and the trial court of his rights, waivers, and the full range of punishment for the offense. Petitioner executed the written plea admonishments,

in which he acknowledged that his plea was knowingly, freely, and voluntarily entered, that no one had threatened, coerced, forced, persuaded or otherwise promised him anything in exchange for his plea, and that he was aware of the consequences of his plea. (State Habeas R. at 42) Petitioner waived all pretrial motions and his right to appearance, confrontation, and cross-examination of witnesses and acknowledged during the plea colloquy that he waived the rights and withdrew his motion to suppress. (State Habeas R. at 43; Reporter's R. at 4-5) Thus, he no longer had a right to confrontation and cross-examination of adverse witnesses or to challenge the voluntariness of his written confession to law enforcement. *See McMann v. Richardson*, 397 U.S. 759, 766 (1970) (providing a valid guilty plea waives a host of constitutional rights, including the right to contest the admissibility of a confession); *Boykin v. Alabama*, 395 U.S. 238, 243 (1969) (providing a guilty plea involves the waiver of several federal constitutional rights including the right to confront one's accusers); *Neyland v. Blackburn*, 785 F.2d 1283, 1287 (5th Cir. 1986).

Absent evidence in the record, a court cannot consider a habeas petitioner's bald assertions on a critical issue, unsupported and unsubstantiated by anything in the record, to be of probative evidentiary value. *Ross v. Estelle*, 694 F.2d 1008, 1011-

8

12 n.2 (5th Cir. 1983); Koch v. Puckett, 907 F.2d 524, 530 (5th Cir. 1990). The state court's rejection of petitioner's claims did not result in a decision that was contrary to, or an unreasonable application of, clearly established federal law, nor did it result in a decision that was based on an unreasonable determination of the facts.

For the reasons discussed herein,

The court ORDERS the petition of petitioner for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 be, and is hereby, denied.

Pursuant to Rule 22(b) of the Federal Rules of Appellate Procedure, Rule 11(a) of the Rules Governing Section 2254 Cases in the United States District Court, and 28 U.S.C. § 2253(c), for the reasons discussed herein, the court further ORDERS that a certificate of appealability be, and is hereby, denied, as petitioner has not made a substantial showing of the denial of a constitutional right.

SIGNED November 21, 2010.

_____
JOHN McBRYDE
United States District Judge

9